**Sufia PARVEEN; et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–74596.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 14, 2009.

Garish Sarin, Esq., Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

MEMORANDUM **

Sufia Parveen, a native and citizen of Bangladesh, and her two minor children petition for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and de novo claims of due process violations, *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

Parveen contends she and her family were harmed after her husband, who worked as a customs official, refused to release an illegal shipment of goods to a political official. Substantial evidence supports the BIA's finding that the harm Parveen and her family suffered in the past, and the harm they fear in the future is not on account of a protected ground. *See Elias–Zacarias,* 502 U.S. at 481–84, 112 S.Ct. 812; *see also Molina–Morales v. INS,* 237 F.3d 1048, 1052 (9th Cir.2001) (purely personal retribution is not persecution on account of a political opinion); *see also Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000) ("salient question is whether [petitioner's] actions were directed ... only against individuals whose corruption was aberrational"). Accordingly, Parveen failed to carry her burden of proof for asylum and withholding of removal. *See Molina–Morales,* 237 F.3d at 1052.

Substantial evidence also supports the BIA's denial of CAT relief because Parveen failed to establish it is more likely than not that she will be tortured if she returns to Bangladesh. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

Lastly, we lack jurisdiction to review petitioners' due process contention because

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

they failed to raise it to the BIA. *See Barron*, 358 F.3d at 677–78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.